FILED
BILLINGS DIV.

2007 OCT 24 AM 9 48

PATRICK E. DUFFY, CLERK
BY ______________
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| **NADINE ROBINSON,**<br>**Plaintiff,**<br>**vs.**<br>**MARK MORSE, et al.,**<br>**Defendants.** | **CV 06-99-BLG-CSO**<br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE and ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Defendant Mark Morse's ("Morse") Motion to Dismiss (Court's Doc. No. 16). Morse's motion, brought under Rule 12(b)(6), Fed. R. Civ. P., is based on three grounds. First, Morse argues that Plaintiff Nadine Robinson's ("Robinson") claims for unlawful search, false arrest, and excessive force are barred by the statute of limitations. Second, Morse argues that he is entitled to qualified immunity. Third, Morse argues that Robinson's § 1983 claim, as alleged, fails as a matter of law.

## II. Factual Background

Robinson alleges in her Amended Complaint ("Compl.") that in November of 2001 she was a mail carrier for the United States Post Office in Billings, Montana. Compl. ¶ 3. On November 23, 2001, Robinson arrived home from work and signed for an express mail package. Id. About fifteen minutes later, state and federal law enforcement officers arrived and searched Robinson's home. Over the course of the following year, a series of events occurred that resulted in multiple arrests of Robinson[1] and ultimately in a jury conviction of one felony and one misdemeanor charge for "maintaining a drug-involved premises and for possession of marijuana." Id. at ¶ ¶ 4-10. Robinson was sentenced to five years probation, with six months house arrest, fined $150.00, and removed from her position at the postal service. Id. at ¶ ¶ 10, 11. Robinson further alleges that, on July 8, 2004, the Ninth Circuit Court of Appeals reversed her conviction on the ground that there was insufficient probable cause to support the initial search. Id. at ¶ 12.

Robinson's Amended Complaint asserts two causes of action. Count I, relying on Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) ("Bivens action"), alleges that Defendants, acting under federal law, violated her constitutional and civil rights by "federal misconduct, including false arrest, unlawful search, unlawful incarceration, excessive force in arrest, and repeated malicious prosecution." Id. at ¶¶ 14-16. Count II alleges a violation of civil rights under 42 U.S.C. § 1983 based on the same alleged

---

[1] Robinson was arrested on state charges on November 23, 2001, and subsequently on federal charges in August, 2002. Compl. ¶¶ 6, 8

facts. Id. at ¶¶ 17-19.

## III. Legal Standard

Dismissal is appropriate under Rule 12(b)(6), Fed. R. Civ. P., when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.2001). In addition, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001). A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Moreover, dismissal should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998).

## IV. Discussion

### A. Statute of Limitations

Morse argues that Robinson's claims for unlawful search, false arrest and excessive force in arrest are barred by the statute of limitations. In response, Robinson

limits her argument to her claim for unlawful search, apparently conceding that her claims for false arrest and excessive force are time-barred. Nevertheless, the Court will examine Morse's limitations argument as it pertains to each of Robinson's claims.

**1. Unlawful Search**

In support of his argument, Morse cites Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991), which recognized that the appropriate statute of limitations for a Bivens claim is the particular state's personal injury statute. The United States Supreme Court determined that the applicable statute of limitations for claims pursuant to 42 U.S.C. § 1983 also is the statute of limitations of the state in which the challenged action occurred. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), *superceded by statute as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377, 378, 124 S.Ct. 1836 (2004).

Montana's statute of limitations for personal injury torts is three years. *See* Mont. Code Ann. § 27-2-204. Morse points out that the search which is the subject of this lawsuit occurred on November 23, 2001. Robinson filed her Complaint in this Court on July 7, 2006, well outside the three-year limitations period.

In response, Robinson argues that the Court ought to invoke the doctrine of equitable tolling. Robinson cites Nicholson v. Cooney, 265 Mont. 406, 412 (1994), which held that, "[t]he doctrine of equitable tolling of a statute of limitations applies when a claimant in good faith pursues one of several possible legal remedies and meets three criteria: (1) timely notice to the adverse party within the applicable statute of

limitations in filing the first claim; (2) lack of prejudice to the adverse party in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the claimant in filing the second claim." Id. (citing Harrison v. Chance, 244 Mont. 215, 228 (1990)).

Robinson maintains that the present facts support equitable tolling. Robinson argues that she had at least two possible legal remedies to pursue as a result of the unlawful search. Robinson asserts that defending and appealing her criminal case was one "possible legal remedy" which met the Nicholson criteria and should toll the statute of limitations. For the reasons explained below, the Court concludes that her argument is without merit.

Robinson cites no authority, nor is this Court aware of any, which supports the proposition that a challenge or appeal in a criminal case amounts to an alternative possible civil legal remedy as contemplated by Nicholson. Moreover, Morse correctly points out that the holding in Wallace v. Kato, 127 S.Ct. 1091 (2007), precludes equitable tolling in this case. In Wallace, the United States Supreme Court held that the limitations period for an unlawful arrest claimant began to run when the arrestee appeared before the examining magistrate and was bound over for trial, not later upon his release from custody after the state dropped charges against him. Id. at 1097. The Wallace court reasoned that if petitioner had timely filed his claim for false arrest before he was convicted, the court could have stayed the action until the underlying criminal case had ended. Id. at 1098. The Court finds that the Wallace decision rejecting

equitable tolling for a false arrest claim is equally applicable to Robinson's claim for unlawful search.

Consequently, Robinson is time-barred with respect to her claims for unlawful search pursuant to both the Bivens action and her § 1983 claim.

**2. False Arrest, Unlawful Incarceration, Excessive Force**

Robinson's claims for false arrest, unlawful incarceration, and excessive force in arrest are also time-barred. The United States Supreme Court determined that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). Pursuant to Wallace, discussed *supra*, the Court finds that the false arrest claim and unlawful imprisonment claims began to run on the date that Robinson was detained and held over for trial, the later of which was August, 2002, well outside the statutory period. Furthermore, the Court finds that Robinson's excessive force in arrest claims had to accrue on either the date of the first arrest and search on November 23, 2001, or the second arrest in August 2002. Because Robinson filed her complaint on July 7, 2006, these claims are time-barred as well.

Therefore, in accordance with Wallace, the Court finds that both counts contained in Robinson's Complaint, the Bivens action and § 1983 claims, so far as they assert a cause of action for false arrest, unlawful search, unlawful incarceration or excessive force in arrest, were filed out of time and should be dismissed.

**B. Malicious Prosecution and Qualified Immunity**

After a considerable review of the briefs in this matter, the Court concludes that

Morse has sufficiently raised colorable issues with respect to Robinson's malicious prosecution claims and his own qualified immunity defenses, but that Morse's motion to dismiss should not be granted in its current posture. Resolution of these issues may be premature under a Rule 12 motion to dismiss. Qualified immunity is an affirmative defense that will be upheld on a motion to dismiss for failure to state a claim only when immunity is established on the face of the complaint. *See* Whisman Through Whisman v. Rinehart, 119 F.3d 1303, 1309 (8th Cir. 1997). Here, the Court cannot so find.

Generally, the law encourages early resolution of an immunity defense, and a defendant may move for summary judgment dismissing the plaintiff's claim on that basis where there are no genuinely disputed factual issues material to the defense. A motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings. Fed.R.Civ.P. 12(b)(6). Notice that a motion to dismiss may be considered as a motion for summary judgment is adequate if the party against whom summary judgment is entered is "fairly apprised" that the court will look beyond the pleadings and convert the motion to dismiss into a motion for summary judgment. Grove v. Mead School Dist. No. 354, 753 F.2d 1528, 1532-33 (9th Cir.1985) (citations omitted).

Therefore, before addressing the remaining issues raised by Morse with respect to his Motion to Dismiss, the Court finds that it is in the interest of judicial economy that Morse's Motion to Dismiss be converted to a Rule 56 Motion for Summary Judgment on

the limited issues of Morse's immunity defenses and the malicious prosecution claims, and the parties be given an opportunity to further address the motion in this posture.

## V. CONCLUSION

Therefore, based on the foregoing,

**IT IS RECOMMENDED** that Morse's Motion to Dismiss be GRANTED to the extent it seeks dismissal of Robinson's Bivens action and § 1983 claims, so far as they assert causes of action for false arrest, unlawful search, unlawful incarceration, or excessive force in arrest, as set forth herein.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the U.S. Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived. Also,

**IT IS ORDERED** that:

(1) The Court hereby converts Morse's Rule 12 Motion to Dismiss (*Court's Doc. No. 16)* to a Rule 56 Motion for Summary Judgment.

(2) The parties shall simultaneously present any further evidence and argument they wish the Court to consider on the issues of qualified immunity and malicious prosecution on or before November 14, 2007. Response briefs may be filed on or before November 23, 2007.

(3) Following consideration of the parties' briefs, the Court will make Findings and Recommendations with respect to the remaining issues.

DATED this 24th day of October, 2007.

Carolyn S. Ostby
United States Magistrate Judge