IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| NADINE ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> MARK MORSE, et al., ) <br> ) <br> Defendants. ) <br> ) | CV-06-99-BLG-RFC <br><br><br><br><br> ORDER ADOPTING FINDINGS <br> AND RECOMMENDATIONS OF <br> U.S. MAGISTRATE JUDGE |

On October 24, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on Defendant Morse's Motion to Dismiss. *Doc. 23.* Magistrate Judge Ostby recommends Morse's motion be granted to the extent it seeks dismissal of the Bivens action and the 42 U.S.C. § 1983 claims, so far as they assert causes of actions for false arrest, unlawful search, unlawful incarceration, and excessive force in arrest, because these claims are barred by the statute of limitations.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the October 24, 2007 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

1

Here, Magistrate Judge Ostby correctly concluded that the statute of limitations for a Bivens action, as well as a § 1983 claim, is the particular state's statute of limitation for personal injury actions. *Van Strum v. Lawn,* 940 F.2d 406, 410 (9th Cir. 1991) (Bivens action); *Wallace v. Kato,* 127 S.Ct. 1091, 1094 (2007) (§ 1983 claim). Montana's statute of limitation for personal injury torts is three years. Mont. Code Ann. § 27-2-204. The search relevant to this lawsuit occurred on November 23, 2001. The relevant arrest and incarceration occurred no later than August of 2002. Because this lawsuit was not filed until July 7, 2006, Magistrate Judge Ostby correctly concluded that the unlawful search, false arrest, unlawful incarceration and excessive force claims are barred by the three-year statute of limitations.

Magistrate Judge Ostby was also correct in concluding that the doctrine of equitable tolling cannot save Plaintiffs unlawful search, false arrest, unlawful incarceration and excessive force claims. Plaintiff argued equitable tolling should excuse her failure to file within the limitations period because she was defending against the criminal charges in good faith and therefore was pursuing one of several possible legal remedies, citing *Nicholson v. Cooney*, 877 P.2d 486, 489 (Mont. 1994).[1] As noted by Magistrate Judge Ostby, there is no authority for the proposition that a challenge or appeal to a criminal case amounts to an alternative civil remedy as the Montana Supreme Court contemplated in the *Nicholson* case.

For those reasons, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Morse's Motion to Dimiss (*Doc. 16*) is

---

[1] *Nicholson* provides that the doctrine of equitable tolling of a statute of limitations applies when a claimant in good faith pursues one of several possible legal remedies and meets three criteria: (1) timely notice to the adverse party within the applicable statute of limitations in filing the first claim; (2) lack of prejudice to the adverse party in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the claimant in filing the second claim. 877 P.2d at 489.

2

**GRANTED** with regard to the Bivens and the 42 U.S.C. § 1983 claims to the extent they assert causes of action for false arrest, unlawful search, unlawful incarceration, and excessive force in arrest.

Dated this 21st day of November, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE