FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

BY _____

DEPUTY CLERK

| NADINE ROBINSON, | CV 06-99-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARK MORSE, et al., | |
| Defendants. | |

## I. INTRODUCTION

This is an action alleging violation of constitutional rights in connection with the execution of a search warrant. The matter initially came before the Court on Defendant Mark Morse's ("Morse") motion to dismiss. The Court granted Morse's motion with respect to several of Plaintiff Nadine Robinson's ("Robinson") claims. On the issues of qualified immunity and malicious prosecution, the Court converted Morse's motion to a motion for summary judgment. The Court also allowed Robinson to depose Morse in order to adequately defend against the motion for summary judgment.

Pursuant to Chief Judge Cebull's Order [*Doc. No. 32*], the remaining claims, both based on allegations of malicious prosecution, are a Bivens action (Count I of the Amended Complaint) and a § 1983 claim (Count II of the Amended Complaint). For the reasons set forth *infra*, the undersigned recommends that summary judgment be granted in favor of Morse.

## II. LEGAL STANDARD

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©. A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248, 106 S.Ct. 2505. The non-moving party may do this by use of affidavits (including her own), depositions, answers to interrogatories, and admissions. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Id.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not

significantly probative, summary judgment may be granted. Id. at 249-50, 106 S.Ct. 2505.

### III. DISCUSSION

#### A. Malicious Prosecution

Morse argues that Robinson's claims for malicious prosecution are fatally flawed on several grounds. In the Ninth Circuit, a federal cause of action for malicious prosecution that allegedly subjects a person to a denial of a constitution right incorporates the relevant elements of the common law tort of malicious prosecution of the relevant state. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).

The elements a plaintiff must prove for a malicious prosecution claim in Montana are:

(1) a judicial proceeding was commenced and prosecuted against the plaintiff;

(2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;

(3) there was a lack of probable cause for the defendant's acts;

(4) the defendant was actuated by malice;

(5) the judicial proceeding terminated favorably for the plaintiff; and

(6) the plaintiff suffered damage.

See Hughes v. Lynch, 338 Mont. 214, 219 (2007) (citing Plouffe v. Montana Dept. of Public Health and Human Services, 309 Mont. 184, 190). If a plaintiff fails to offer

proof of any one of these elements, the action fails, and summary judgment in favor of the defendant is proper. Sherner v. National Loss Control Services Corp., 329 Mont. 247, 255 (2005) (*citing* White v. Murdock, 265 Mont. 386, 389-90 (1994)).

The Court concludes that Robinson has failed to offer proof of several of the required elements. These are discussed below.

### 1. **Probable Cause**

Morse asserts that Robinson has failed to satisfy element number three because there was probable cause for his actions. "Lack of probable cause is the gist of a malicious prosecution action." Plouffe, at 190. The Montana Supreme Court defines probable cause for prosecution as "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious [person] to believe that the accused is guilty of the offense charged." Id. *quoting* Reece v. Pierce Flooring, 194 Mont. 91, 97 (1981).

Morse states that there were judicial determinations of probable cause to hold Robinson to face federal firearms and drug charges following both the original and superceding indictments. (*See Memorandum in Support of Morse's Motion for Summary judgment at 12*). Morse acknowledges that a judicial determination of probable cause does not, by itself, preclude a claim for malicious prosecution. (*See Morse's Reply Brief at 7*). Morse correctly argues, however, that such a prior judicial determination constitutes presumptive evidence for the existence of probable cause. *See* Watkins v. Spring Creek Colony, 188 Mont. 467, 470 (1980). In Watkins, the Montana Supreme Court adopted the rule that requires a showing of lack of probable

cause by a preponderance of the evidence to overcome the presumption of the existence of probable cause raised by a determination of probable cause in a prior proceeding. Id. at 471. "A plaintiff in a malicious prosecution action can overcome the presumption of probable cause raised by a determination of probable cause to hold the plaintiff in a criminal proceeding by showing by a preponderance of the evidence that there was no probable cause for filing the original criminal action." Id. Morse argues that Robinson has not met her burden in that regard.

In her initial Response to Morse's Motion for Summary Judgment, Robinson argued that probable cause could only be determined through the subjective beliefs of Morse. (See Response to Defendant's Memorandum in Support of Motion for Summary Judgment at 5). Further, Robinson stated that those beliefs could only be discovered through Morse's deposition. Id. The Court allowed Robinson additional discovery to depose Morse.

After considering the Morse's deposition testimony, the Court does not find sufficient evidence to raise an issue of fact concerning probable cause. In her brief, Robinson simply points out that a prior determination of probable cause is not conclusive. The sole issue that Robinson raises with respect to probable cause is a conclusory allegation that Morse ignored evidence of the criminal history of Robinson's husband and targeted her instead[1]. (See Plaintiff's Response to Morse's Motion for

---

[1] In her Brief in Opposition to Morse's Motion to Dismiss, Robinson briefly argued that there is a factual issue with respect to probable cause because an allegation in her Complaint states that she refused a plea bargain because the package which was the subject of the search was not addressed to her. (See Brief in Opposition

*Summary Judgment at 10*). Even assuming that were true, it does not speak to a lack of probable cause with respect to Robinson. Further, Robinson sets forth no other facts to establish that probable cause was lacking in the underlying judicial determination. Robinson does not attack the merits of the search warrants signed by State District Court Judge Gregory R. Todd or U.S District Court Judge Richard F. Cebull. Robinson simply fails to adequately rebut the presumption of probable cause established by the prior judicial determinations.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. Civ. P. 56(e).

Consequently, the Court finds that no evidentiary conflict exists and Robinson fails to meet her burden of establishing factual issue concerning a lack of probable cause. There is an absence of any genuine issue of material fact for trial and Morse is entitled to summary judgment as a matter of law.

### 2. Malice

Morse also argues that Robinson has not shown that any conduct by him, related

---

to Morse's Motion to Dismiss at 13) However, Robinson appears to have abandoned this argument in the summary judgment context. Nevertheless, as discussed *infra*, a genuine factual issue is not created by a conclusory allegation.

to her prosecution, was motivated by malice. As a result, Morse argues her malicious prosecution claims fail on element number four.

The Montana Supreme Court has held that under the Montana statutory definitions of malice, the plaintiff is not required to prove the subjective intent of the defendant to establish a *prima facie* case for malicious prosecution[2]. Plouffe, at 195.

However, Robinson fails to set forth *any* facts which would impute malice on the part of Morse. Robinson acknowledges that Morse's testimony illustrated that he learned she was a postal carrier only shortly before the search took place. (*Pltf's Resp. at 5*) Nevertheless, Robinson generally alleges that Morse made contradictory statements with regard to when he learned that she was a postal employee. Robinson

---

[2]Montana statutes provide two definitions of malice. MCA § 1-1-204(3) provides that, " '[m]alice' and 'maliciously' mean a wish to vex, annoy, or injure another person or an intent to do a wrongful act, established either by proof or presumption of law. In addition, MCA § 27-1-221(2) describes "actual malice" as:

"[a] defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:

(a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or

(b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff."

suggests that this creates a factual dispute which precludes summary judgment on the issue of malice. Id. at 6.

Robinson points to a City/County Special investigation police report by Detective Dave Evans and Morse's Affidavit which, she argues, are contradictory. Id. at 6, 7. The Court is unable to find the contradiction she alleges. Both documents reference the date of November 23, 2003, as the date of the search. Nothing in the record before the Court suggests that Morse learned of Robinson's status as a postal carrier prior to that date. Robinson simply presents no evidence which would suggest that Morse's behavior was motivated by malice in any manner. The record is simply devoid of any indicia of malice on Morse's part. The evidence clearly illustrates that Morse was ignorant of Robinson's identity until shortly before the search of her home. No evidence suggests that Morse wished to vex, annoy, or injure Robinson. Consequently, under either statutory definition, Robinson's claims for malicious prosecution fail because she cannot show that Morse's behavior was actuated by malice.

### 3. Favorable Termination

Morse argues that the Ninth Circuit Court of Appeal's reversal of Robinson's conviction based on the exclusionary rule is not a "favorable termination" of the underlying action.

Robinson counters that Montana Courts have recognized that criminal actions may terminate on the merits even when the termination was based on such grounds as the Speedy Trial Act and statutes of limitation. *See* Plouffe at 195 *(citing* Sacco v. High Country Independent Press, 271 Mont. 209, 245 (1995) (failure to prosecute within a

statute of limitations reflects favorably for a defendant); Miller v. Watkins, 200 Mont. 455, 465 (1982) (a dismissal for lack of speedy trial reflects favorably for a defendant); See also O'Fallon v. Farmers Ins. Exchange, 260 Mont. 233, 241 (1993) (favorable termination is an issue for a jury when the action is dismissed without evidence of settlement by a defendant); Prosser and Keeton, Second Restatement of Torts (1976), § 674, comment j ("favorable termination may arise from a withdrawal of the proceedings by the person bringing them")).

    Montana law is silent on whether a reversal based specifically on application the exclusionary rule is considered a favorable termination of the underlying action. In Miller, the Montana Supreme Court favorably quoted a California Court setting forth the standard of a favorable termination as follows:

> "It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, **termination must reflect on the merits of the underlying action**... A dismissal for failure to prosecute ... does reflect on the merits of the action ... The reflection arises from that natural assumption that one does not simply abandon a meritorious action once instituted."

Miller at 465, quoting Lackner v. LaCroix, 25 Cal.3d 747, 159 Cal.Rptr. 693, 695 (1980) (emphasis added). The Miller Court went on to hold that a dismissal for lack of a speedy trial ultimately reflects on the merits of the case and can be considered a favorable termination in the context of a malicious prosecution action. Id. at 464.

    This Court finds that reasoning set forth in Miller and the other cases cited by Robinson is distinguishable because application of the exclusionary rule under the facts of this case does not reflect on the merits of the case. Morse argues that application of

the exclusionary rule does not reach the merits because it excludes relevant and probative evidence not because of a person's innocence, but rather to prevent violations of the Fourth Amendment. *See* Lego v. Twomey, 404 U.S. 477, 488-89 (1972). Morse also cites an Eastern District of California case finding that application of the exclusionary rule resulting in a reversal was not a termination in favor of the plaintiff. Campbell v. City of Bakersfield, 2006 WL 2054072, at 21 (E.D. Cal. 2006). Indeed, the United States Supreme Court explains: "The costs of applying the exclusionary rule even at trial and on direct review are well known: the focus of the trial, and the attention of the participants therein, are diverted from the ultimate question of guilt or innocence that should be the central concern in a criminal proceeding. Moreover, the physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant." California v. Minjares, 443 U.S. 916, 919 (1979), *quoting* Stone v. Powell, 428 U.S. 465, 489-90 (1976).

Application of the exclusionary rule generally applies to constitutional protections rather than reflecting on the merits of the underlying case. Furthermore, Robinson's conviction was reversed on the ground that the triggering condition [the controlled delivery] for the anticipatory search warrant was not contained in the warrant itself. *See* U.S. v. Robinson, 103 Fed.Appx. 261, 262 (9th Cir. 2004). Morse correctly states that in U.S. v. Grubbs, 547 U.S. 90, (2006), the United States Supreme Court effectively overruled the holding of the Ninth Circuit by holding that the Fourth Amendment does not require the triggering condition for an anticipatory search be contained in the actual

warrant. Id. at 99.  This further buttresses the proposition that application of the exclusionary rule, at least in this case, did not reflect on the merits of the underlying action. Therefore, Robinson's claims for malicious prosecution fail on element number five as well.

## IV. CONCLUSION

For the above mentioned reasons, the Court finds that Robinson's remaining claims against Morse fail as a matter of law.  Thus the Court need not address the remaining grounds raised in Morse's motion or the issue of qualified immunity.

Therefore, based on the foregoing,

**IT IS RECOMMENDED** that Morse's Motion for Summary Judgment (Court's Doc. No. 25 ) be **GRANTED**.  No other defendants having been named or served, this case should be closed after judgment is entered.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the U.S. Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within ten(10)days after receipt, or objection is waived.

DATED this 22nd day of May, 2008.

Carolyn S. Ostby
United States Magistrate Judge